IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20150
Summary Calendar
_____


ASTRODOME USA, a Division of Houston McLane Company Inc,

                    Plaintiff - Appellee,

     v.

DUR UNITED ENTERTAINMENT INC,

                    Defendants,

DUR UNITED ENTERTAINMENT INC,

                    Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2677)
_____

March 23, 1999

Before KING, Chief Judge, JOLLY and DUHE', Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellee Astrodome U.S.A. brought a breach of

contract claim against defendant-appellant Dur United

Entertainment, Inc.  The district judge granted Astrodome

U.S.A.'s motion for summary judgment and awarded damages.  Dur

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United Entertainment, Inc. appeals, arguing that a genuine issue of material fact exists as to whether Astrodome USA committed a material breach, thus excusing its nonperformance.  We affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Dur United Entertainment, Inc. (Dur United) contracted with Astrodome U.S.A. (Astrodome) to lease the Astrodome for the "Three Tenors 1996/97 World Tour Grand Finale," to take place on March 16, 1997.

The contract between Dur United and Astrodome contained three provisions relevant to this appeal.  First, the parties agreed that "all alterations or additions to the Leased Premises that may be required to stage the [concert], including . . . the addition of lighting and/or sound facilities in addition to those already existing . . . shall be done only with the prior written consent of [Astrodome] which shall not be unreasonably withheld." Second, Dur United and Astrodome contracted that Dur United would "not make any alterations to the Leased Premises without prior written consent of [Astrodome] except for those set forth in the Technical Rider for the Astrodome, which has been approved by [the parties]."  The Technical Rider provided that the sound system for the Three Tenors concert would be hung from a grid.

Lastly, the parties agreed that if the Three Tenors concert "is canceled and/or rescheduled and does not take place on March 16, 1997, and provided the Leased Premises is vacant on March 16, 1997, due to the sole reservation of same by Dur [United], . . . in lieu of the rental fee . . . [Dur United] shall pay

[Astrodome] a guaranteed vacancy fee in the [amount of] $350,000 if [Dur United] notifies [Astrodome] of a cancellation or rescheduling of the [concert] after March 3, 1997."

Dur United canceled the event after March 3, 1997, and Astrodome subsequently filed suit against Dur United for breach of contract in state court. Dur United removed the suit to the United States District Court for the Southern District of Texas on the basis of diversity jurisdiction. Astrodome filed a motion for summary judgment, arguing that Dur United owed Astrodome the agreed-upon vacancy fee and reasonable attorneys' fees due to Dur United's cancellation of the Three Tenors concert. Astrodome attached two affidavits to its motion. The first affidavit concerned the reasonableness of the attorneys' fee request, and the other was by Teresa Herbert, Astrodome's Legal Manager. Herbert stated in her affidavit that she was the custodian of the lease between Astrodome and Dur United, that Dur United canceled the Three Tenors concert after March 3, 1997, and that the Astrodome was vacant on March 16, 1997. A copy of the lease contract (without the Technical Rider) was attached to Herbert's affidavit.

Dur United filed a motion in response to Astrodome's summary judgment motion, in which it argued that Astrodome had materially breached the contract by unreasonably withholding permission to hang speakers from the Astrodome ceiling, thus discharging Dur United's duty to perform the contract. Dur United attached several affidavits and the Technical Rider to the contract to its

3

response.  The district court granted Astrodome's summary judgment motion on February 6, 1998, and awarded Astrodome $390,000 (the $350,000 vacancy fee plus $40,000 in attorneys' fees) and pre- and post-judgment interest.  Dur United timely appealed.

Dur United advances two arguments on appeal in support of its assertion that summary judgment was inappropriate.  First, Dur United argues that a genuine issue of material fact exists as to whether Astrodome materially breached the contract by unreasonably withholding permission to hang a speaker system from the Astrodome ceiling.  Second, Dur United maintains that Astrodome was not entitled to summary judgment because Astrodome failed to establish that it tendered performance.  We consider these arguments in turn.

## II.  DISCUSSION

We review the district court's grant of summary judgment de novo.  See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). We must view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor.  See Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 255 (1986).

Dur United first argues that it presented summary judgment evidence that Astrodome breached the lease agreement and therefore that its nonperformance was excused. Dur United maintains that Astrodome materially breached the contract by unreasonably refusing to permit its agents to hang speakers from the roof of the Astrodome, which it claims was the only speaker configuration that would provide for adequate sound quality during the Three Tenors concert.

In support of this contention on appeal, Dur United relies solely on an affidavit of Alexander Yuill-Thornton II (Thornton), a professional sound designer and engineer who implemented the sound system for the Three Tenors concerts. Thornton stated in his affidavit that he initially proposed a plan to hang speakers from the roof of the Astrodome, but that he was told by Dur United that Astrodome informed it that the plan would have to be modified to reduce the aerial load. Thornton testified that he then devised a second, and later a third, sound plan that "addressed all of [Astrodome's] concerns," but that he was informed by Dur United that Astrodome rejected these plans. Thornton stated in his affidavit that the difference in sound quality between his first and third plans was "significant," and that, after Astrodome rejected his third proposal, he advised his employer, apparently the organization in charge of coordinating the sound system for the Three Tenors concert, that "the sound for this concert would not be up to our usual standards."

5

Thornton concluded his affidavit with a statement that he had personal knowledge, through his discussions with Dur United, that Astrodome representatives "significantly altered the weight limits which they would allow us to employ, [and] therefore significantly reduced the aerial load which would be allowed any of the systems required for this concert, including the sound system -- to the significant detriment of any operatic production."

Dur United argues that these portions of the Thornton affidavit support its assertion that it has raised a genuine issue of material fact that Astrodome unreasonably withheld permission to hang speakers from the Astrodome ceiling. We disagree. First, the contract between Astrodome and Dur United does not in any way indicate that any speakers were to be hung from the ceiling of the Astrodome. To the contrary, the Technical Rider makes clear that the sound system was to be installed on the sides of a grid, and Dur United does not argue that the grid is, or is part of, the Astrodome ceiling. Dur United has presented no summary judgment evidence suggesting the existence of any writing altering the contract to allow Dur United to hang speakers from the Astrodome ceiling, as required by the contract.

Second, the Thornton affidavit is insufficient to raise a genuine issue of material fact that Astrodome unreasonably refused Dur United's request to hang the speakers from the ceiling. Thornton's affidavit states only that he learned from

6

his client, presumably Dur United, that Astrodome rejected three sound plans for the Three Tenors concert; he lacks any personal knowledge that Astrodome actually rejected the plans or that Astrodome was unreasonable in rejecting the plans.[1] See BMG Music v. Martinez, 74 F.3d 87, 90 n.18 (5th Cir. 1996) (refusing to consider affidavit based on third party affiant's lack of personal knowledge concerning transaction). Dur United points to no summary judgment evidence on appeal that indicates that Astrodome was presented with alternative plans, or, more importantly, that even if it was presented with plans, that Astrodome acted unreasonably in withholding its permission on the plans.

Thus, even viewing Thornton's affidavit in the light most favorable to Dur United, we conclude that the district court did not err in finding that Dur United failed to raise a genuine issue of material fact on this issue. The contract did not call for hanging speakers from the ceiling, and Dur United points to no summary judgment evidence in its brief that raises a genuine issue of material fact that Astrodome acted unreasonably in withholding permission to hang speakers.

Dur United next argues that the district court erred in

---

[1] Thornton's affidavit does state that "the Dome, when loaded evenly and with professional care, could support the significant, even enormous, weight of lighting and sound systems." However, Thornton makes clear that this statement is based on "information and belief, and not of [his] personal knowledge." Statements made on "belief or 'on information and belief' cannot be utilized on a summary-judgment motion." 10B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2738 (1998) (footnote omitted).

granting summary judgment to Astrodome because Astrodome failed to present any evidence concerning each of the essential elements of its breach of contract claim. In order to prevail on a breach of contract claim under Texas law, a party must prove: (1) the existence of a valid contract, (2) that the plaintiff performed or tendered performance, (3) that the defendant breached the contract, and (4) that the plaintiff was damaged as a result of the breach. See Prudential Sec., Inc. v. Haugland, 973 S.W.2d 394, 396 (Tex. App.--El Paso 1998, writ denied); Garner v. Corpus Christi Nat'l Bank, 944 S.W.2d 469, 476 (Tex. App.--Corpus Christi 1997, writ denied), cert. denied, 119 S. Ct. 410 (1998). Dur United argues specifically that Astrodome failed to present any evidence that Astrodome performed or tendered performance.

We find no merit to this argument. The affidavit of Teresa Herbert, Astrodome's Legal Manager, states that the Astrodome was vacant and was not rented to any other party on the date of the proposed Three Tenors contract, March 16, 1997. Astrodome therefore presented summary judgment evidence that it performed its obligations under the contract. In addition, "a denial that a condition precedent occurred must be specifically and particularly pleaded and such matters may not be raised by a general denial." Trinity Carton Co., Inc. v. Falstaff Brewing Corp., 767 F. 2d 184, 192 (5th Cir. 1985) (citations omitted). Dur United provided only a general denial of Astrodome's claim in its original petition that "all conditions precedent to performance of these terms of the Lease have been performed by

8

[Astrodome] or have occurred." We are therefore unpersuaded by Dur United's argument that summary judgment was inappropriate on this ground.

Lastly, Dur United argues that the district court improperly relied on the two affidavits attached to Astrodome's motion for summary judgment. Dur United objects to Teresa Hebert's affidavit on the ground that the attached copy of the contract between Dur United and Astrodome did not include the Technical Rider. At the hearing, the district court considered the relevant portions of the Technical Rider, which were introduced into the record by Dur United, and neither party objected to the district court's intention to rule on the summary judgment motion based on the record at that time.

Dur United also objects to the Astrodome's affidavit by its attorney in which the attorney stated that a $70,000 attorneys' fee was reasonable, claiming that it is deficient because it fails to attach an actual copy of the attorney's contract with Astrodome. This argument lacks merit; Dur United failed to object at the district court's hearing that a $40,000 award for attorneys' fees was unreasonable, and, in any event, we conclude that the district judge did not abuse his discretion in finding a $40,000 award reasonable.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

9